UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MAVERICK RECORDING COMPANY, a California joint venture; WARNER BROS. RECORDS INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and ARISTA RECORDS LLC, a Delaware limited liability company,

        Plaintiffs,

-against-

FAZLUL CHOWDHURY,

        Defendant.

---

Civil Action No.: 1:07-cv-0200-DGT-RML

## PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS

#1316489 v1

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................................... 1

ARGUMENT ............................................................................................................................ 1

    I.    Attorneys' Fees Are Awarded To A Prevailing Party "As Part Of The Costs" In Appropriate Cases, And Do Not Make Out An Independent Claim For Relief. .................................................................................................... 1

    II.   Defendant's Counterclaim Seeking A Declaration Of Non-Infringement Is Redundant And Unnecessary, And Defendant's Arguments For Allowing The Claim Have No Merit. ............................................................................. 3

    III.  Defendant's Allegations of "Pooling" Do Not Survive A Rule Of Reason Analysis Or Support Defendant's Counterclaims Of Antitrust Violations And Copyright Misuse. ............................................................................................. 6

    IV.  The "Sham" Exception To The *Noerr-Pennington* Doctrine Is Not Applicable Here And Plaintiffs' Actions Are Precisely Those Protected By This Doctrine. .................................................................................................. 9

CONCLUSION ....................................................................................................................... 11

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Atlantic Recording Corp. v. Anderson*, 2008 WL. 185806 (D. Or. January 16, 2008) .................... 2

*Atlantic Richfield Co. v. Ramirez*, 1999 U.S. App. LEXIS 8669 (9th Cir. 1999) ........................... 3

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007) ............................................................. 4, 5

*BMI v. CBS*, 441 U.S. 1 (1979) ........................................................................................................ 7, 8

*Bruch v. United States Coast Guard*, 749 F. Supp. 688 (E.D. Pa. 1990) ........................................ 2

*Capitol Records, Inc. v. Foster*, 2007 WL. 1028532 (W.D. Okla. 2007) ..................................... 2, 3

*Central Broadcast System v. American Society of Composers, Authors and Publishers*,

    620 F.2d 930 (2d Cir. 1980) ................................................................................................... 7, 8

*DirecTV, Inc. v. Personette*, 2003 U.S. Dist. LEXIS 19694 (W.D. Mich. May 22, 2003) ............ 10

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) .................................................................................. 2

*Green Bay Packaging, Inc. v. Hoganson & Associates, Inc.*, 362 F. Supp. 78

    (N.D. Ill. 1973) ........................................................................................................................... 3

*Interscope Records v. Kimmel*, 2007 U.S. Dist. LEXIS 43966 (N.D.N.Y June 18, 2007) .......... 4, 6

*Larson v. General Motors Corp.*, 134 F. 2d 450 (2d Cir. 1943) ..................................................... 6

*Primetime 24 Joint Venture v. NBC*, 219 F.3d 92 (2d Cir. 2000) .............................................. 9, 10

*Professional Real Estate Investors, Inc. v. Columbia Pictures Industrial*,

    508 U.S. 49 (1993) ..................................................................................................................... 9

*Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc.*,

    192 F. Supp. 2d 321 (D.N.J. 2002) ........................................................................................... 7

*Vigilante.Com., Inc. v. ArgusTest.Com, Inc., et al.*, 2005 WL. 2218405 (D. Ore. 2005) ............... 2

## DOCKETED CASES

*Capitol Records v. Foster*, Case No. 04-1569-W (W.D. Okl. Oct. 5, 2005) ................................. 3, 4

*Elektra Entertainment Group Inc. v. Santangelo*, Civ. No. 06-cv-11520 (SCR) (MDF)

    (S.D.N.Y. March 5, 2008) ................................................................................................. 6

*Elektra v. Perez*, Civ. No. 6:06-cv-00931-AA (D. Ore. Dec. 6, 2005) ............................................ 2

*UMG Recordings, Inc. v. Del Cid,* Civ. No. 8:08-cv-368-t-26TGW

    (M.D. Fla. Sept. 19, 2007) ............................................................................................ 4, 5

*Warner Bros. Records v. Stubbs*, No. CIV-06-793-M (W.D. Okl. Mar. 13. 2007) ..................... 3, 4

## FEDERAL STATUTES

17 U.S.C. § 504 ........................................................................................................................... 7

17 U.S.C. § 505 ........................................................................................................................ 1, 2

Fed. R. Civ. P. 12 ....................................................................................................................... 3

Fed. R. Civ. P. 13 ....................................................................................................................... 4

Fed. R. Civ. P. 41 ....................................................................................................................... 5

#1316489 v1

Plaintiffs respectfully submit this reply in further support of their motion to dismiss Defendant's counterclaims.

## INTRODUCTION

Plaintiffs' opening brief demonstrated that Defendant's counterclaims should be dismissed because (1) no independent claim for attorneys' fees exists under the Copyright Act; (2) Defendant's request for a declaration of non-infringement is duplicative and unnecessary; (3) Defendant's generalized allegations of antitrust violations are not sufficient to support a claim for relief; (4) copyright misuse is not an affirmative claim for relief; and (5) Plaintiffs' conduct in bringing this and other lawsuits is protected by the First Amendment, as expressed under the *Noerr-Pennington* doctrine.

In response, Defendant argues that (1) his counterclaim for attorneys' fees should be allowed because fees are available to prevailing parties under 17 U.S.C. § 505; (2) a few courts have permitted counterclaims seeking declarations of non-infringement; (3) "pooling" arrangements are subject to antitrust laws under a rule of reason analysis; and (4) Plaintiffs' alleged "agreements" are not protected by the *Noerr-Pennington* doctrine. As set forth more fully below, each of Defendant's arguments is without merit and Defendant's counterclaims should be dismissed as a matter of law.

## ARGUMENT

**I.     Attorneys' Fees Are Awarded To A Prevailing Party "As Part Of The Costs" In Appropriate Cases, And Do Not Make Out An Independent Claim For Relief.**

Defendant's first counterclaim is a request for attorneys' fees under Section 505 of the Copyright Act. (Countercl. ¶ 29.) Defendant fails to provide any support for such a claim and for this reason it should be dismissed.

As Plaintiffs demonstrated in their opening brief, no stand-alone claim for attorneys' fees exists under the Copyright Act. (Mot. at 7.) A plain reading of the Act demonstrates that fees may be recoverable in appropriate circumstances "as part of the costs" in an existing action. 17 U.S.C. § 505; *see also Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 519 (1994) ("[T]he court may . . . award a reasonable attorney's fee to the prevailing party ***as part of the costs***.") (emphasis added). Moreover, it is well settled that "costs" are not an element of damages. *See, e.g. Bruch v. United States Coast Guard*, 749 F. Supp 688, 692 (E.D. Pa. 1990) ("An award of costs and fees is not a damage award. Instead, it simply repays the labor involved in striving to obtain a damage award. Unlike a damage award, an award of costs and fees in no way rectifies the grievance initially giving rise to a case."). Because attorneys' fees are available only as part of the costs in appropriate cases, no independent claim for attorneys' fees exists under Section 505, and this counterclaim should be dismissed.

Defendant does nothing to distinguish the holding in *Vigilante.Com., Inc. v. ArgusTest.Com, Inc., et al.*, 2005 WL 2218405, at *19 (D. Ore. 2005). Instead, Defendant attempts to point to a minute order in *Elektra v. Perez*, Civ. No. 6:06-cv-00931-AA (D. Ore. Dec. 6, 2005) (Opp'n at 1, Exh. A) to suggest that a claim for attorneys' fees is appropriate here. However, Defendant himself recognizes that no opinion was rendered in *Perez*, and that the *Perez* court simultaneously granted the plaintiffs leave to renew their motion to dismiss. Thus, *Perez* in no way diminishes the *Vigilante.Com.* holding, which refused a counterclaim similar to the one Defendant attempts to assert here.

Defendant's reliance on *Atlantic Recording Corp. v. Anderson*, 2008 WL 185806 (D. Or. January 16, 2008) and *Capitol Records, Inc. v. Foster*, 2007 WL 1028532 (W.D. Okla. 2007), is similarly misplaced. In neither of these cases was there any counterclaim

2

#1316489 v1

for attorneys' fees; rather, fees were awarded as part of the costs under Section 505. Thus, these cases support Plaintiffs' position, as expressed in the plan language of Section 505, that fees are awarded as part of the costs in an appropriate case, and that an application for attorneys' fees under Section 505 is only appropriate after the underlying claims have been resolved. For all of these reasons, Defendant's counterclaim for attorneys' fees fails as a matter of law and should be dismissed.

## II. Defendant's Counterclaim Seeking A Declaration Of Non-Infringement Is Redundant And Unnecessary, And Defendant's Arguments For Allowing The Claim Have No Merit.

Plaintiffs demonstrated in their opening brief that Defendant's counterclaim seeking a declaration of non-infringement is entirely duplicative of Plaintiffs' claim of infringement against Defendant and of Defendant's own affirmative defenses. (Mot. at 7-10.) Plaintiffs' opening brief also cited extensive authority from multiple federal jurisdictions holding that duplicative counterclaims, that merely restate issues already before the court as part of a plaintiff's affirmative case, should be dismissed. (*Id.*)

In his response, Defendant argues that his mirror image counterclaim should be allowed unless Plaintiffs can show prejudice. (Opp'n at 3.) Defendant's argument presupposes the wrong standard. Neither Rule 12(b)(6) nor Rule 12(f) requires any showing of prejudice by the moving party, and at least one court has specifically rejected the contention that a court "should require the moving party to demonstrate prejudice in order to justify striking redundant material." *Atlantic Richfield Co. v. Ramirez*, 1999 U.S. App. LEXIS 8669, at *5 (9th Cir. 1999); *see also Green Bay Packaging, Inc. v. Hoganson & Associates, Inc.*, 362 F. Supp. 78, 82 (N.D. Ill. 1973) ("It is well settled that such repetitious and unnecessary pleadings should be stricken.").

3

#1316489 v1

To support his opposition, Defendant cites *Capitol Records v. Foster*, Case No. 04-1569-W (W.D. Okl. October 5, 2005), *Warner Bros. Records v. Stubbs*, No. CIV-06-793-M (W.D. Okl. March 13, 2007), and *UMG Recordings, Inc. v. Del Cid*, Civ. No. 8:08-cv-368-t-26TGW (M.D. Fla. Sept. 19, 2007). These cases, however, are inconsistent with virtually every other decision on this issue[1], and Plaintiffs respectfully submit, were wrongly decided.

More specifically, if one examines the cases on which the *Foster* and *Stubbs* courts relied, it is clear that those cases do not support either court's decision. Both *Foster* and *Stubbs* relied on decisions that had nothing to do with the type of redundant and duplicative declaratory judgment counterclaims at issue in both *Foster* and *Stubbs* (and in this case). There is no authority to support the idea that a counterclaim which merely restates the controversy set forth in the complaint from the defendant's perspective is a compulsory counterclaim under Rule 13(a). Indeed, if that were the case, then such "mirror image" counterclaims would be required in every case. As demonstrated by the case law cited in Plaintiffs' opening brief, however, not only are such mirror image counterclaims not compulsory, they are routinely dismissed as duplicative and redundant. *See e.g. Interscope Records v. Kimmel*, 2007 U.S. Dist. LEXIS 43966, at *5-17 (N.D.N.Y June 18, 2007) ("respectfully disagreeing" with Stubbs). For these reasons, Plaintiffs respectfully submit that the cases referenced in *Foster* and *Stubbs* do not support their decisions and that *Foster* and *Stubbs* were both wrongly decided and are inconsistent with the great majority of courts, including those cited in Plaintiffs' opening brief (Mot. at 7-10), that have dismissed counterclaims in circumstances identical to those present here.

---

[1] Plaintiffs' opening brief cites over a dozen cases from various federal district and circuit courts around the country that dismissed declaratory judgment counterclaims as redundant and unnecessary. (Mot. at 8-9.)

#1316489 v1

Finally, Plaintiffs respectfully submit that *Del Cid* was also wrongly decided. Notably, the *Del Cid* court seemingly ignored the standard for motions to dismiss recently set forth by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). In *Twombly*, the Supreme Court found that a party's grounds for his or her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65. In *Del Cid*, however, the defendant asserted nothing more than legal conclusions without alleging any underlying facts. As such, Plaintiffs respectfully submit that this Court should not follow *Del Cid*, but rather should follow the substantial authority set forth in Plaintiffs' opening memorandum.

In a further effort to escape the established law on this issue, Defendant argues that his counterclaim has strategic value as protection against a motion by Plaintiffs to withdraw their claim against him. (Opp'n at 3-6.) This argument, too, is without merit. As an initial matter, Defendant's assertion that Plaintiffs will dismiss this lawsuit in the future is pure speculation. Plaintiffs have significant evidence of copyright infringement by Defendant. Specifically, Plaintiffs have evidence showing that, on September 28, 2005, 1,737 sound recordings were being distributed from Defendant's household through an Internet Protocol address for which Defendant was responsible. Defendant has never disputed this evidence. Unless Defendant is deliberately withholding relevant information from Plaintiffs, his assertion that a request for voluntary dismissal by Plaintiffs is inevitable has no basis.

Moreover, to the extent Defendant claims to require protection against a voluntary dismissal by Plaintiffs, such protection should not take the form of a redundant and duplicative counterclaim, but should come through Rule 41 itself. Under Rule 41, once an answer has been filed, a party cannot dismiss its claims without the consent of all parties or an order from the

5

#1316489 v1

court. Fed. R. Civ. P. 41(a). The Rule further provides that, absent the consent of all parties, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Finally, Defendant's opposition fails completely to address the fact that the Declaratory Judgment Act was not intended as a vehicle for mirror image counterclaims like the one asserted here and that such counterclaims are viewed with disfavor in the Second Circuit. In cases like this one—where the counterclaim seeks nothing but a declaration that Defendant did not engage in the infringement alleged by Plaintiffs—in the event of a withdrawal of the infringement claim by Plaintiffs, there would no longer be any continuing case or controversy between the parties and, therefore, no basis for continuing jurisdiction over any claim for declaratory relief. *See Kimmel*, 2007 U.S. Dist. LEXIS 43966, at *11 (citing *Larson v. General Motors Corp.*, 134 2d 450 (2d Cir. 1943)).

For these reasons and those set forth in Plaintiffs' opening brief, the Court should dismiss Defendant's counterclaim for a declaration of non-infringement.

**III.     Defendant's Allegations of "Pooling" Do Not Survive A Rule Of Reason Analysis Or Support Defendant's Counterclaims Of Antitrust Violations And Copyright Misuse.**

As demonstrated in Plaintiffs' opening memorandum, Defendant has failed to allege any nexus between Plaintiffs' settlement strategy and any alleged anti-competitive behavior, any relevant market, or any harm to any relevant market. (Mot. at 11.) Nor has Defendant alleged any antitrust related damages, to give him standing to bring such a claim. (Id. at 12.) Plaintiffs' additionally demonstrated that Defendant's purported counterclaim for copyright misuse is not a

6

cognizable cause of action[2]. (Id. at 13-14.) For these reasons alone, Defendant's claims for antitrust violations and copyright misuse should be dismissed.

Defendant's sole argument against the dismissal of both his claim for antitrust violations and his claim for copyright infringement is as follows:

> It is indisputable that copyright pooling arrangements are subject to the antitrust laws, under a rule of reason analysis. BMI v. CBS, 441 U.S. 1 (1979), *on remand*, CBS v. ASCAP, 620 F.2d 930 (2d Cir. 1980). Accordingly plaintiffs' argument as to the third[and fourth] counterclaim[s] is incorrect.

(Opp'n at 6.) As demonstrated below and in Plaintiffs' opening brief, such allegations are not sufficient to support an antitrust or copyright misuse claim.

Defendant appears to argue that the fact that independent copyright holders have brought suit against him as co-plaintiffs amounts to the "pooling of copyrights," which, Defendant apparently claims, equates to a violation of both antitrust laws and copyright misuse under a rule of reason analysis. This argument is baseless.

First, Defendant does not even attempt to apply a rule of reason analysis, nor could he do so because a "rule of reason" analysis is not applicable here. "A rule of reason analysis requires a determination of whether an agreement is, on balance, an unreasonable restraint of trade, that is, whether its anti-competitive effects outweigh its pro-competitive effects." *Central Broadcast System* ("CBS") *v. American Soc'y of Composers, Authors and Publishers* ("ASCAP"), 620 F. 2d at 934. As set forth in Plaintiffs' moving papers, however, Defendant has not, and could not, demonstrate how Plaintiffs' manner of bringing this lawsuit constitutes a restraint on

---

[2] To further support this point, Plaintiffs respectfully direct the Court's attention to a recent Report and Recommendation from Magistrate Judge Fox of the United States District Court for the Southern District of New York, who found that "there is no legal basis" for the affirmative claim of copyright misuse and recommended that it be dismissed *with prejudice*. *Elektra Entertainment Group Inc. v. Santangelo*, Civ. No. 06-cv-11520 (SCR)(MDF) (S.D.N.Y. March 5, 2008) (Exhibit A hereto).

7

#1316489 v1

trade. (Mot. at 11-12.) Furthermore, Plaintiffs' enforcement of their copyrights in no way could be considered an effort "to control competition for an area that is outside the scope of its copyrighted works." *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 192 F. Supp. 2d 321, 346 (D.N.J. 2002). Enforcing copyrights is, by definition, within the scope of Plaintiffs' copyrighted works. See 17 U.S.C. § 504.

Moreover, the cases on which Defendant relies do not support his position. To the contrary, those cases demonstrate how narrow the defense of copyright misuse is defined and why this case does not fall within the limited factual circumstances of even the defense, let alone a non-existent affirmative claim. Specifically, *Broadcast Music, Inc. ("BMI") v. CBS*, and *CBS v. ASCAP*, both deal with the purchase of blanket license agreements, as opposed to per-use license agreements. In particular, the courts examined whether an organization would be in violation of antitrust laws for abusing the monopoly granted through its copyrights, if it failed to provide a market for per-use license agreements in addition to the market for the blanket license agreements that it already provided. In each of these cases, the courts ultimately held that the alleged "copyright pooling" created by blanket license agreements did not violate antitrust laws and was not found to constitute copyright misuse. Neither case involved anything like the situation here, where Plaintiffs have suffered similar harm from the infringement of their copyrights by Defendant, and have joined to file this lawsuit to protect their legitimate copyright interests.

Even if these cases did address the matters at issue here, however, it appears that the Supreme Court would support the very type of co-plaintiff arrangement that Defendant appears to claim is copyright misuse. In *BMI v. CBS*, for example, the Supreme Court held, "Surely, if ASCAP abandoned the issuance of all licenses and confined its activities to policing the market

8

#1316489 v1

and suing infringers, it could hardly be said that member copyright owners would be in violation of the antitrust laws by not having a common agent issue per-use licenses." *BMI v. CBS*, 441 U.S. at 18, fn 28. In other words, if ASCAP were to focus only on suing copyright infringers on behalf of its member copyright holders and did not sell any license agreements, whether blanket or otherwise, it would not be in violation of copyright laws and would not be misusing the members' copyrights. If, as the Supreme Court has suggested, it does not violate antitrust laws for ASCAP to bring a lawsuit on behalf of various of its members to enforce those members' copyrights, then, *a fortiori*, it is appropriate for the record companies in this case to enforce their own copyrights in a single lawsuit.

For these reasons, even under a rule of reason analysis, Defendant's claims for antitrust violations and copyright misuse fail as a matter of law and should be dismissed.

### IV. The "Sham" Exception To The *Noerr-Pennington* Doctrine Is Not Applicable Here And Plaintiffs' Actions Are Precisely Those Protected By This Doctrine.

Defendant argues that Plaintiffs' suit or litigation techniques fall within the "sham" exception to the *Noerr-Pennington* doctrine and that the *Noerr-Pennington* doctrine does not apply to agreements among co-plaintiffs. (Opp'n at 7.) These arguments are frivolous.

First, to establish "sham" judicial proceedings, a party must show that the litigation in question is: "(i) 'objectively baseless,' and (ii) 'an attempt to interfere directly with the business relationships of a competitor through the use of the governmental process—as opposed to the outcome of that process—as an anticompetitive weapon.'" *Primetime 24 Joint Venture v. NBC*, 219 F.3d 92, 100-01 (2d Cir. 2000) (quoting *Professional Real Estate Investors, Inc. v. Columbia Pictures Indus.*, 508 U.S. 49, 60 (1993)). Here, Plaintiffs' claims arise directly from Defendant's infringement of their copyrighted sound recordings and such a lawsuit cannot be considered "objectively baseless." Furthermore, Defendant has not, and could not, allege that Plaintiffs' suit

9

#1316489 v1

interferes with the business relationships of a competitor or that the suit is being used as an anti-competitive weapon. For these reasons, Defendant's allegations of sham litigation are without merit.

Second, Defendant's argument that Plaintiffs' activities incident to this litigation are not the sort protected by *Noerr-Pennington* immunity is also without merit. Courts have held that *Noerr-Pennington* immunity applies equally to efforts incident to litigation, including pre-suit letters. *See Primetime 24 Joint Venture,* 219 F.3d at 100 ("Courts have extended *Noerr-Pennington* to encompass concerted efforts incident to litigation, such as prelitigation 'threat letters.'") (citations omitted); *DirecTV, Inc. v. Personette,* 2003 U.S. Dist. LEXIS 19694, at *19 (W.D. Mich. May 22, 2003) (holding that actions such as sending out pre-suit letters and making threats of litigation are the type of litigation activities covered by the *Noerr-Pennington* doctrine, and, thus, dismissing the counterclaims at issue). Therefore, Plaintiffs' activities in preparation for the instant litigation and their manner in settling other lawsuits are precisely the types of activities that fall within the protections of *Noerr-Pennington* immunity. For this reason, Defendant's arguments regarding the applicability of the *Noerr-Pennington* doctrine are without merit.

For these reasons, as well as those found in Plaintiffs' opening brief, Defendant's counterclaims for antitrust violations and copyright misuse should be dismissed.

10

## CONCLUSION

For all of the foregoing reasons and the reasons set forth in Plaintiffs' opening brief, Plaintiffs respectfully request that this Court dismiss Defendant's purported counterclaims, as a matter of law.

Respectfully submitted this 7th day of March, 2008.

ROBINSON & COLE, LLP

By: _____
Victor B. Kao (VK-6967)
Brian E. Moran (BM-8573)
Attorney for Plaintiffs
885 Third Avenue, Suite 2800
New York, New York 10022
Phone (212) 451-2900
Fax: (212) 451-2999

To:  Ray J. Beckerman, Esq. (via e-mail)
     Morlan Ty Rogers, Esq. (via e-mail)
     Attorneys for Defendant

11

#1316489 v1