```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
MAVERICK RECORDING COMPANY, et
al.
                                            MEMORANDUM AND ORDER
         Plaintiff,
                                            Civil Action No.
    -against-                               CV-07cv200(DGT)

FAZLUL CHOWDHURY

         Defendant.
---------------------------------X


---------------------------------X
ELEKTRA ENTERTAINMENT GROUP,
INC., et al.

         Plaintiff,                         Civil Action No.
                                            CV-07-640(DGT)
    -against-

VICTOR TORRES

         Defendant.
---------------------------------X
```

Trager, J:

These cases are two of several in which the plaintiffs, groups of record companies, are suing individual defendants for copyright infringement via the internet ("RIAA cases"). In each case, plaintiffs have made an identical motion to strike the defendants' affirmative defense of copyright misuse as well as to dismiss the following four of the defendants' counterclaims: (1) a demand for attorney's fees under 17 U.S.C. § 505, (2) a request for a declaratory judgment of non-infringement, (3) an antitrust

claim, and (4) a claim of copyright misuse. Because the issues in each case are the same, these two motions have been briefed and will be decided as one. For the reasons set forth below, plaintiffs' motion is granted in all respects.

## Discussion

### (1)

### Standard of Review for Dismissing Counterclaims

When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, facts must be construed and inferences must be drawn in favor of the non-moving party. See ATSI Communs., Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). "To survive dismissal, the [non-moving party] must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)).

### (2)

### Attorney's Fees

The defendants' first counterclaim seeks an award of attorney's fees pursuant to Section 505 of the Copyright Act on the grounds that these lawsuits are frivolous. The Copyright Act does allow a court to award attorney's fees as part of the costs

of litigation, but only to a prevailing party. 17 U.S.C. § 505. These cases, however, are still in the discovery phase, and thus no party has yet prevailed. If and when the defendants prevail in these cases they are free to move for an award of attorney's fees under Section 505. Until then, however, the question of whether they are entitled to attorney's fees will not be ripe, and thus it is not a proper subject of a counterclaim. Therefore, the defendant's first counterclaim seeking attorney's fees is dismissed.

**(3)**

**Declaratory Judgment of Non-Infringement**

In their second counterclaim, the defendants seek a declaratory judgment that they did not infringe plaintiffs' copyrights. This counterclaim is the mirror image of plaintiffs' claim. The central issue in these cases is whether the defendants committed copyright infringement, and the defendants' counterclaim seeking a declaratory judgment that they did not is duplicative and entirely redundant.

In similar cases in different jurisdictions, courts have dismissed counterclaims seeking a declaration of non-infringement. See, e.g., Interscope Records v. Kimmel, No. 07 Civ. 108, 2007 U.S. Dist. LEXIS 43966, *16 (N.D.N.Y June 18, 2007); Interscope Records v. Duty, No. 05 Civ. 3744, 2006 U.S.

3

Dist. LEXIS 20214, *10-11 (D. Ariz. Apr. 14, 2006).

In the Second Circuit, two cases are instructive – <u>Leach v. Ross Heater & Manuf. Co.</u>, 104 F.2d 88 (2d Cir. 1939), and <u>Larson v. General Motors Corp.</u>, 134 F.2d 450 (2d Cir. 1943). In <u>Leach</u>, the plaintiff, who held patents on an oil refining apparatus, sued the defendant, which was in the business of selling allegedly infringing products. <u>Leach</u>, 104 F.2d at 89. The defendant counterclaimed seeking a declaratory judgment of invalidity and of non-infringement. <u>Id.</u> The district court dismissed the counterclaim, but the Second Circuit reversed, primarily because if the plaintiff voluntarily dismissed its suit – in which case there would be no judgment on the merits – a case or controversy would remain in connection with the defendant's declaratory judgment claim. <u>Id.</u> at 89-92. The court noted that the plaintiffs had threatened the defendant's customers with infringement actions, and thus, even in the absence of the plaintiff's infringement action, the defendant's declaratory judgment action would have been necessary to protect a significant business interest. <u>Id.</u> at 91 ("The need for declaratory judgment is diminished, it is true, by the fact that the patentee has commenced this suit, but the need cannot be said to have wholly disappeared; the patentee may, for all that the defendant knows, withdraw his suit without prejudice and continue broadcasting assertions of infringement."). <u>Larson</u> also dealt

with the viability of a counterclaim seeking a declaration of non-infringement in a patent infringement action. 134 F.2d 450. After the case was brought, the plaintiff consented to a dismissal of its infringement claim on the merits. The district court retained jurisdiction over the counterclaim seeking a declaratory judgment, and the Second Circuit reversed, holding that because the judgment dismissing the plaintiff's action on the merits barred a future claim, and because the defendants faced no threat of future litigation, no case or controversy existed in connection with the defendant's counterclaim. <u>Id.</u> at 453-54. It can be gleaned from <u>Leach</u> and <u>Larson</u> that, in an infringement action, a counterclaim seeking a declaration of non-infringement will be viable only when it presents an independent case or controversy that would survive a dismissal of the plaintiff's infringement claim.

Here, the defendants are not challenging the validity of the copyrights they are alleged to have infringed, nor do the defendants even claim that a viable case or controversy will remain if the plaintiffs voluntarily dismiss their suits. To the contrary, the basis of the counterclaim is that the defendant did not commit the infringing acts – a question that will either be necessarily resolved if the case is decided on the merits or become non-justiciable if the plaintiffs voluntarily discontinue their suit. Accordingly, the counterclaim seeking a declaratory

5

judgment of non-infringement serves no purpose and is dismissed.

**(4)**

**Antitrust Claim**

The defendants' third counterclaim alleges an antitrust violation, and states in its entirety:

> Plaintiffs have violated the antitrust laws of the United States by collusively refusing to enter into separate settlements, instead trying settlement with any one plaintiff to settlement with every other plaintiff, and conferring all settlement authority upon their cartel, the Recording Industry Association of America, Inc.

Defs.' Answers at ¶ 31. The defendants do not specify which provision of antitrust law they believe the plaintiffs are violating, nor do they attempt to establish any specific elements of an antitrust claim.

In a nearly identical case involving a similarly situated defendant, an affirmative defense of copyright misuse – based on the same general antitrust allegations as this counterclaim – was struck because it was found that under no interpretation of the law or facts could the allegations establish an antitrust violation. UMG Recordings, Inc. v. Lindor, 531 F. Supp. 2d 453, 459 (E.D.N.Y. 2007). The defendants have not attempted to explain why their antitrust claim is viable as a counterclaim even though it was held to be not viable as an affirmative

6

defense.  In addition, because in these cases defendants have alleged antitrust violations in a counterclaim they face the additional hurdle of the heightened pleading requirement imposed by Bell Atlantic v. Twombly, 127 S. Ct. 1955 (2007), which requires pleadings to contain "enough facts to 'nudge . . . claims across the line from conceivable to plausible.'" Transhorn, Ltd. v. United Techs. Corp. (In re Elevator Antitrust Litig.), 502 F.3d 47, 50 (2d Cir. 2007) (quoting Twombly, 127 S. Ct. at 1974)).  The holding in Lindor made clear that the facts pleaded by the defendants fail to establish even a possible, let alone a plausible, claim of an antitrust violation.

Nevertheless, even if collectively bringing infringement suits could be considered anticompetitive – which it cannot, see Lindor, 531 F. Supp. 2d at 459 – the Noerr-Pennington doctrine would immunize plaintiffs' conduct from antitrust liability. T.F.T.F. Capital Corp. v. Marcus Dairy, Inc., 312 F.3d 90, 93 (2d Cir. 2002) ("The Noerr-Pennington doctrine generally immunizes from liability a party's commencement of a prior court proceeding."); see also E.R.R. Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127, 136 (1961) (stating that "the Sherman Act does not prohibit two or more persons from associating together in an attempt to persuade the legislature or the executive [or a court] to take particular action with respect to a law that would produce a restraint or a monopoly"); United

Mine Workers of Am. v. Pennington, 381 U.S. 657, 670 (1965) ("Joint efforts to influence public officials do not violate the antitrust laws even though intended to eliminate competition."). Under the Noerr-Pennington doctrine, the plaintiffs have the right to join together to prosecute their claims of copyright infringement, even if such conduct could be considered anticompetitive, as long as the litigation is not a "sham." See Joblove v. Barr Labs., Inc. (In re Tamoxifen Citrate Antitrust Litig.), 466 F.3d 187, 217 (2d Cir. 2006) ("The doctrine does not extend protection to the defendants 'where the alleged conspiracy' 'is a mere sham to cover what is actually nothing more than an attempt to interfere directly with the business relationships of a competitor.'") (quoting Cal. Motor Transp. Co. v. Trucking Unlimited, 404 U.S. 508, 511 (1972)). Because it has already been held that the plaintiffs' allegations in these cases establish a plausible claim of copyright infringement, Elektra Entm't Group, Inc. v. Schwartz, No. 06 Civ. 3533, 2008 U.S. Dist. LEXIS 26183, *8-10 (E.D.N.Y. Apr. 1, 2008), this litigation can hardly be considered a sham in the sense of disqualifying the plaintiffs' conduct for Noerr-Pennington immunity.

In sum, the defendants' counterclaim fails to establish a plausible antitrust claim, and even if it did, plaintiffs' initiating lawsuits to enforce their copyrights would be immune

from antitrust liability. Thus, the defendants' third counterclaim is dismissed.

### (5)

### Copyright Misuse

Defendants have also alleged – as both an affirmative defense and a counterclaim – that by collectively bringing infringement suits the plaintiffs have committed copyright misuse. As noted above, <u>Lindor</u>, an identical case in all material respects, held as a matter of law that the plaintiffs' litigation strategy did not constitute copyright misuse. The defendants have not attempted to distinguish <u>Lindor</u>, nor could they. Thus, for the reasons set forth in <u>Lindor</u>, the affirmative defense of copyright misuse is struck. For the same reasons that it is not viable as an affirmative defense, copyright misuse is not viable as a counterclaim. But even were copyright misuse viable as an affirmative defense in these cases, it would not provide sufficient grounds for a counterclaim because copyright misuse is not a basis for affirmative relief. See <u>Kimmel</u>, 2007 U.S. Dist. LEXIS 43966, *16 (N.D.N.Y. June 18, 2007) (dismissing defendant's counterclaim of copyright misuse because copyright misuse is only cognizable as a defense, not as grounds for affirmative relief); <u>Broadcast Music, Inc. v. Hearts/ABC Viacom Entertainment Servs.</u>, 746 F. Supp. 320, 328 (S.D.N.Y. 1990)

9

(rejecting "defendant's assertion of the copyright misuse doctrine as a vehicle for affirmative relief. Such a claim is unprecedented and the Court declines to create the claim); see also Arista Records, Inc. v. Flea World, Inc., 356 F. Supp. 2d 411, 428 (D. N.J. 2005) ("[C]opyright misuse is not a claim but a defense, and Defendants may not transmute it into an independent claim merely by labeling it one for 'declaratory judgment.'"). Therefore, copyright misuse is struck as an affirmative defense and dismissed as a counterclaim.

**Conclusion**

In sum, the plaintiffs' motion is granted in all respects: (1) the first counterclaim seeking attorney's fees is dismissed because a request for attorney's fees under the Copyright Act is not a proper subject of a counterclaim; the defendants will have the opportunity to move for an award of attorney's fees if they prevail in these actions; (2) the second counterclaim seeking a declaratory judgment of non-infringement is dismissed because it is entirely redundant of the plaintiffs' infringement claim, and does not raise an independent case or controversy; (3) the third counterclaim sounding in antitrust is dismissed because it fails as a matter of law to establish an antitrust violation; and (4) copyright misuse is (i) struck as an affirmative defense for the

reasons set forth in Lindor and (ii) dismissed as the fourth counterclaim because copyright misuse is not grounds for affirmative relief.

Dated: Brooklyn, New York
       August 19, 2008

                                      SO ORDERED:


                                      _____/s/_____
                                      David G. Trager
                                      United States District Judge